## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

GLORIA HINSINGER, individually and as
an assignee of both NJ RECOVERY AND
TOWING, LLC and FRANK J.
RODRIGUEZ, individually and as an agent,
servant, and/or employee of NJ Recovery and
Towing, LLC,

Civil Action No. 20-14753 (RK) (RLS)

Plaintiff,

v.

CONIFER INSURANCE COMPANY,

Defendant.

**MEMORANDUM OPINION
AND ORDER**

SINGH, United States Magistrate Judge.

Presently before the Court are three motions seeking to quash two subpoenas served by Defendant Conifer Insurance Company ("Conifer") on non-parties Cipriani & Werner, P.C. ("Cipriani") and Drive New Jersey Insurance Company ("Drive"). Cipriani moves to quash the subpoena served on it (the "Cipriani Subpoena"), Drive moves to quash the subpoena served on it (the "Drive Subpoena"), and Plaintiff Gloria Hinsinger ("Plaintiff" or "Hinsinger") moves to quash both subpoenas. (Doc. Nos. 38, 42, 44). Conifer opposes each of the Motions. (Doc. Nos. 41, 45, 46). The Court has fully reviewed the submissions of the parties and considers the same without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth herein, the Court **DENIES** the Motions.

1

# I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY

## A.    THE UNDERLYING ACTION

This matter arises out of an underlying personal injury lawsuit filed by Plaintiff in the Superior Court of New Jersey, Ocean County, against Frank J. Rodriguez ("Rodriguez"), NJ Recovery and Towing, LLC ("NJ Recovery"), Speedy Towing, LLC ("Speedy Towing"), and others (the "Underlying Action"). (*See* Doc. No. 42-5 at p. 2).[1] Through the Underlying Action, Plaintiff alleged that, on November 18, 2016, Rodriguez caused a HINO 238 Flatbed Truck ("HINO") to come into contact with Plaintiff, causing significant injuries. (Doc. No. 38-3 at pp. 23-27). Here, it is unclear whether Rodriguez acted on behalf of NJ Recovery or Speedy Towing when the accident occurred. (*See* Doc. No. 41 at p. 6).

NJ Recovery tendered an Automobile Loss Notice to Conifer, which had issued to NJ Recovery a Commercial Auto Insurance Policy (Policy No. CIC000659) for the period of July 19, 2016 to July 19, 2017 (the "Conifer Policy"). (Doc. No. 41-2 at p. 2). However, the Conifer Policy insured a 2016 Dodge-Wrecker 550 Truck, Tractor Trailer (the "Dodge-Wrecker"), not the HINO that was involved in the accident. (*See* Doc. No. 63 at ¶¶ 18). Rather, the HINO was insured pursuant to a Commercial Auto Insurance Policy (Policy No. 03864307-0), which Drive issued to Speedy Towing and which provided liability insurance up to $100,000 per person (the "Drive Policy"). (Doc. No. 38-3 at pp. 21-22).

Conifer claims that, when NJ Recovery tendered its claim for coverage under the Conifer Policy, it believed that it was the Dodge-Wrecker that was involved in the accident. As a result, Conifer provided Rodriguez and NJ Recovery with a defense in the Underlying Action under the

---

[1] All citations to page numbers herein refer to those automatically generated by the electronic filing system (PACER).

Conifer Policy and appointed Marshall Dennehey Warner Coleman & Goggin, P.C. ("Marshall Dennehey") as counsel. (Doc. No. 41 at p. 8).  When Conifer sought to inspect the vehicle involved in the accident, Rodriguez reported that the vehicle had been stolen and gave Conifer a police report identifying the HINO, not the Dodge-Wrecker. (Doc. No. 41-2 at p. 2).  Ultimately learning that the HINO was the vehicle involved in the accident, on March 11, 2019, Conifer disclaimed coverage to NJ Recovery, but offered to continue to provide NJ Recovery with a "courtesy defense" under a reservation of rights. (*See* Doc. No. 41-5).  On June 17, 2019, Conifer tendered a demand to Drive to defend and indemnify NJ Recovery and Rodriguez based on the terms of the Drive Policy, which purported to cover the HINO. (Doc. No. 41-7).  On August 14, 2019, Drive agreed to provide coverage under the Drive Policy. (Doc. No. 41-8).  Drive then appointed Cipriani to represent Rodriguez, Speedy Towing, and NJ Recovery in the Underlying Action. (Doc. No. 41-13).

Beginning in April 2019, Plaintiff and the defendants in the Underlying Action began to engage in settlement negotiations. (*See* Doc. No. 38-3 at p. 41; Doc. No. 41-9, -11, -12, -17; Doc. No. 42-4).  Although Plaintiff has represented that "no oral settlement demands or offers were conveyed[,]" the parties ultimately reached a settlement. (Doc. No. 41-10 at p. 2; Doc. No. 41-11 at p. 8).

Pursuant to the settlement, on March 31, 2020, Plaintiff and Cipriani on behalf of Rodriguez, Speedy Towing, NJ Recovery, and RV Auto Sales, LLC ("RV Auto Sales") executed a Consent Order (the "Consent Order"). (*See* Doc. No. 38-3 at pp. 23-27).  Pursuant to the Consent Order, the state court entered judgment in favor of Plaintiff in the amount of $750,000, with a payment of $100,000—the limits of the Drive Policy—and an assignment of rights to Plaintiff to bring this action against Conifer. (Doc. No. 38-3 at pp. 24-27).

**B.     THIS ACTION**

On October 21, 2020, Plaintiff initiated this action, seeking a declaratory judgment that the Conifer Policy provided coverage to NJ Recovery and Rodriguez for the Underlying Action and that Conifer waived its right to disclaim coverage and/or is estopped from disclaiming any duty to indemnify NJ Recovery and Rodriguez in connection with the Underlying Action.  (Doc. No. 63 at ¶¶ 55-85).  Plaintiff also asserts claims against Conifer for common law fraud, violation of the New Jersey Consumer Fraud Act, and breach of the implied covenant of good faith and fair dealing based on Conifer's investigation of the claim and subsequent coverage determinations.  (Doc. No. 63 at ¶¶ 86-106).

On May 17, 2023, Rodriguez executed an authorization form purporting to assign to Plaintiff and her attorneys any and all privilege or protections he and NJ Recovery may have as to Cipriani's entire file relating to the Underlying Action.  (Doc. No. 41-16 at p. 2).  With that authorization, it appears that Cipriani sent Plaintiff's counsel certain documents that were non-privileged and relating to the settlement negotiations.  (Doc. No. 41-17 at pp. 2-3).  Plaintiff produced some of those Cipriani files to Conifer, but it is not clear if Plaintiff is withholding other documents on the basis of privilege, as, per Conifer, Plaintiff did not produce a privilege log.  (*See* Doc. No. 41 at p. 12).

Shortly thereafter, Conifer served subpoenas on Cipriani and Drive, seeking various documents.

**C.     THE CIPRIANI SUBPOENA**

On June 21, 2023, Conifer served the Cipriani Subpoena on Cipriani, seeking the following documents (the "Cipriani Requests") by July 7, 2023:

> (1) The complete file(s) related to Cipriani & Werner's representation of Frank J. Rodriguez, NJ Recovery, Speedy Towing, and RV Auto

Sales in the Underlying Action, including, but not limited to, all client communications, case analysis reports, pleadings, motions, discovery responses, document productions, deposition transcripts, court transcripts, correspondence with other parties, correspondence with the Court, expert reports, and settlement documents[;]

(2) All Communications between Cipriani & Werner and Frank J. Rodriguez, NJ Recovery, Speedy Towing, and RV Auto Sales related to the Underlying Action, including, but not limited to, all communications concerning case status, legal strategy, settlement strategy, case evaluation, and liability assessment[;]

(3) All Communications between Cipriani & Werner and Drive New Jersey related to the Underlying Action, including, but not limited to, all communications concerning case status, settlement, legal strategy, case evaluation, and liability assessment[;]

(4) All Communications between Cipriani & Werner and anyone else related to the Underlying Action, including, but not limited to, all communications concerning case status, settlement, legal strategy, case evaluation, and liability assessment[; and]

(5) All other Documents and Communications in Cipriani & Werner's possession related to the Underlying Action.

(Doc. No. 38-3 at p. 11). Cipriani appears not to have responded to the subpoena other than by filing its motion to quash. (*See* Doc. No. 38).

### D.    THE DRIVE SUBPOENA

On or about June 20, 2023, Conifer served the Drive Subpoena on Drive NJ, seeking the following by July 7, 2023:

(1) All Documents that memorialize, refer, or relate to any Communications between Drive New Jersey, and the parties to this Action.[;]

(2) All Documents that memorialize, refer, or relate to any Communications between Drive New Jersey, [American Transportation Insurance Group], and/or any other insurance agent and/or broker related to Insurance Coverage for NJ Recovery, Speedy Towing, and/or Frank Rodriguez Sr[;]

(3) All Documents that memorialize, refer, or relate to any Communications between Drive New Jersey, NJ Recovery, Speedy Towing, Frank Rodriguez, Sr., and/or Cipriani & Werner related to the Underlying Action, including, but not limited to, all communications concerning case status, legal strategy, settlement strategy, case evaluation, and liability assessment[;]

(4) All Documents that memorialize, refer, or relate to any Communications between Drive New Jersey, NJ Recovery, Speedy Towing, Frank Rodriguez, Sr., and/or Cipriani & Werner related to the Consent Order[;]

(5) A certified copy of the Drive New Jersey Policy[;]

(6) Certified copies of any insurance policies issued by Drive New Jersey to NJ Recovery, Speedy Towing, and/or Frank Rodriguez, Sr.[;]

(7) All coverage position letters issued by Drive New Jersey relating to the Underlying Action[;]

(8) Drive New Jersey's Claim File for the Underlying Action, including, but not limited to, all Documents concerning case status, legal strategy, settlement strategy, case evaluation, and liability assessment[;]

(9) Drive New Jersey's Claim Notes for the Underlying Action, including, but not limited to, all Documents concerning case status, legal strategy, settlement strategy, case evaluation, and liability assessment[;]

(10) All Documents identifying the Persons involved in the Claim Handling related to the Underlying Action[; and]

(11) All Documents related to the Claim Handling of the Underlying Action.

(Doc. No. 44-2 at p. 11). Drive appears not to have responded to the subpoena other than by filing its motion to quash.

6

### E.    THE PENDING MOTIONS

Cipriani and Plaintiff move to quash the Cipriani Subpoena.  On July 6, 2023, Cipriani

filed its motion, objecting to the subpoena as seeking information that is protected by the attorney-

client privilege, the work product doctrine, and Federal Rule of Evidence 408.  (*See* Doc. No. 38-

2).  Notably, those documents appear to have been provided to Plaintiff's counsel, then eventually

produced to Conifer.  (*See* Doc. No. 38-3 at pp. 40-41).  Cipriani has not produced a privilege log.

Nevertheless, Cipriani argues that it has produced all non-privileged documents in its possession

and that any additional communications sought are irrelevant and/or protected from disclosure

pursuant to the attorney-client privilege, work product doctrine, and Federal Rule of Evidence 408.

(*See* Doc. No. 38-2).

On July 25, 2023, Plaintiff filed her motion to quash.  Plaintiff similarly argues that the

Cipriani Subpoena seeks documents that are irrelevant and overbroad, protected from disclosure,

and the production of which would be unduly burdensome.  (*See* Doc. No. 42-7).  As to the

assertion of the privilege, Plaintiff contends that sought-after communications remain privileged

under the joint and common interest doctrines and the Rodriguez Authorization did not waive any

privilege over the documents at issue.  (Doc. No. 42-13 at pp. 13-15).  Moreover, Plaintiff asserts

that she has not placed into issue privileged matters.  (Doc. No. 42-13 at pp. 9-12).

Both Drive and Plaintiff seek to quash the Drive Subpoena.  On August 7, 2023, Drive

filed its Motion to Quash the subpoena.  Through the Motion, Drive states that while it is

withholding all responsive documents, it objects to the subpoena to the extent it seeks documents

that are privileged, work product, confidential, and/or irrelevant underwriting materials.  (*See* Doc.

No. 44-1).  More specifically, Drive objects to producing: (1) communications with Cipriani by or

on behalf of its insureds; (2) internal, privileged communications regarding coverage issues; (3)

internal work product concerning case evaluation; and (4) communications with its insureds' agent or broker. (Doc. No. 44 at ¶¶ 15-19). Drive has not produced a privilege log or provided objections on a Request-by-Request basis. Nevertheless, Drive contends that, even if its insureds waived their right to assert the attorney-client privilege through the Rodriguez Authorization, as a co-client, Drive, may still assert a privilege over the requested documents based on the common interest documents. (Doc. No. 44-1 at p. 5). Drive also argues that the documents are protected as opinion work product protected under Federal Rule of Civil Procedure 26(b)(3)(A). Similarly, Plaintiff seeks to quash the Drive Subpoena based on the attorney-client privilege, work product, FRE 408, relevancy, overbreadth, and undue burden. (Doc. No. 42-7).

Conifer opposes the three Motions. Conifer argues that the sought-after documents through both Subpoenas are relevant to the issues of whether Rodriguez and his related entities correctly reported the underlying claim and whether the settlement of the Underlying Action is enforceable. In its Opposition to Drive's Motion, Conifer clarifies that the Drive Subpoena does not seek communications with Drive's coverage counsel or confidential underwriting materials. (*See* Doc. No. 46 at p. 1). Conifer contends that the attorney-client privilege and work product protection are inapplicable here and, even if applicable, have been fully waived based on the Rodriguez Authorization and Plaintiff's assertion in discovery responses that she waives the privilege. (Doc. No. 41 at pp. 18-19; Doc. No. 41-15 at pp. 7-8).

Conifer further asserts that Plaintiff has placed at issue privileged communications based on the nature of the claims asserted and her requests to seek discovery of communications between Conifer and Marshall Dennehey relating to the Underlying Action. (Doc. No. 41 at p. 19; Doc. No. 45 at p. 14). Conifer adds that, absent a waiver of any applicable privilege, the Court should pierce that privilege based on a specific need to do so under *in re Kozlov*, 79 N.J. 232 (1979).

8

(Doc. No. 41 at pp. 19-20). Finally, Conifer argues that Federal Rule of Evidence 408 does not preclude *discovery* of settlement-related communications as it deals with admissibility and based on the nature of the claims in dispute. (Doc. No. 41 at pp. 20-21). In the alternative to denying the requests to quash, Conifer asks the Court to preclude Plaintiff from asserting that NJ Recovery correctly reported its claim and from seeking to enforce the Consent Order. (Doc. No. 41 at p. 22).

## II.    LEGAL STANDARD

A party may seek discovery from non-parties provided they "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena[,]" which is enforceable by the appropriate district court as defined by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 45(d)(1). The scope of permissible discovery from non-parties under Rule 45 is the same as the scope permitted under Rule 26(b) of the Federal Rules of Civil Procedure. *See in re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 501 (D.N.J. 2021); *accord E.S. by and through Sanchez v. Elizabeth Bd. of Educ.*, Civ. No. 20-1027, 2022 WL 2106382, at *2 (D.N.J. June 10, 2022). A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The material "need not be admissible in evidence to be discoverable." *Id.*

A non-party responding to a subpoena must serve on the requestor any objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). A responding non-party that withholds sought-after information that it claims is privileged or work product material "must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."

Fed. R. Civ. P. 45(e)(2)(A).  "If an objection is made," the serving party may move to compel the subpoena.  Fed. R. Civ. P. 45(d)(2)(B).

Rule 45(d)(3) of the Federal Rules of Civil Procedure sets forth the bases on which the Court quash subpoenas.  Relevant here, pursuant to Rule 45(d)(3)(A), "[o]n timely motion," the Court "must quash or modify a subpoena" that, *inter alia*, requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A).

The movant bears the burden of persuasion to quash a subpoena.  *See Occidental Chemical Corp. v. 21st Cent. Fox Am., Inc.*, Civ. No. 18-11273, 2022 WL 253011, at *4 (D.N.J. July 7, 2022) (slip op.); *see also Memory Bowl v. North Pointe Ins. Co.*, 280 F.R.D. 181, 185 (D.N.J. 2012).  Courts may modify or quash a subpoena if the discovery sought is irrelevant or if compelling such discovery would be unduly burdensome or oppressive.  *See* Fed. R. Civ. P. 45(d); *see also* Fed. R. Civ. P. 26(b)(2)(C); *Korotki v. Cooper Levenson, April, Niedelman & Wagenheim, P.A.*, Civ. No. 20-11050, 2022 WL 2191519, at *2 (D.N.J. June 17, 2022) ("An undue burden exists when the subpoena is 'unreasonable or oppressive.'" (quoting *in re Lazaridis*, 865 F. Supp. 2d 521, 524 (D.N.J. 2011))); *New Jersey Dep't of Envt'l Prot. v. Am. Thermoplastics Corp.*, Civ. No. 98-4781, 2021 WL 4551337, at *2 (D.N.J. Oct. 5, 2021).  In determining reasonableness, the Court may consider many factors including: relevance; the party's need for the discovery; the breadth of the request(s); the time period sought; the particularity with which the sought-after information is described; the burden imposed; and the responding party's non-party status.  *Am. Thermoplastics*, 2021 WL 4551337, at *2-3 (quoting *in re Novo Nordisk Sec. Litig.*, Civ. No. 17-209, 2021 WL 123264, at *4 (D.N.J. Mar. 30, 2021)).

10

Similarly, Rule 26(c) permits the Court, for good cause, to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In such an instance, the Court may forbid the disclosure or set other terms, conditions, or limitations on the discovery. *See* Fed. R. Civ. P. 26(c)(1); *see also Malibu Media, LLC v. John Does No. 1-30*, Civ. No. 12-3896, 2012 WL 6203697, at *6 (D.N.J. Dec. 12, 2012). The party seeking a protective order bears the burden of showing that good cause exists to limit or foreclose discovery and must demonstrate a particular need for protection. *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

Ultimately, the court "has broad discretion regarding the enforcement of subpoenas." *Tattle Tale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP*, Civ. No. 11-7013, 2012 WL 1191214, at *3 (D.N.J. Apr. 10, 2012) (citation omitted); *see also Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999); *Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010) ("Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances.").

## III.    DISCUSSION

Plaintiff, Drive, and Cipriani raise three primary bases to seek to quash the subpoenas: (1) relevancy and overbreadth; (2) confidentiality of the settlement discussions pursuant to Federal

Rule of Evidence 408; and (3) an assertion of the attorney-client privilege and/or work product doctrine.[2]  The Court addresses each of these objections in turn.[3]

## A.    RELEVANCY

Plaintiff, Drive, and Cipriani argue the Requests in the Cipriani and Drive Subpoenas seek irrelevant material and/or are overbroad in scope.  Conifer counters that it seeks documents and information related to the estoppel issue in this matter as well as whether the settlement of the Underlying Action was reasonable and entered into in good faith.  Indeed, the claims and defenses asserted here place at issue whether Conifer is estopped from denying coverage; the sought-after documents from Cipriani and Drive may bear on NJ Recovery's reporting of the claim as well as Speedy Towing's involvement.  (*See* Doc. No. 45 at p. 10 (citing *Am. Handling Equip. Inc. v. T. C. Moffatt & Co.*, 184 N.J. Super. 131 (App. Div. 1982), for the proposition that a carrier is not estopped from withdrawing from a defense where a claim has been incorrectly reported)).

---

[2]  Plaintiff also challenges multiple requests in the Cipriani and Drive Subpoenas on the basis that they are unduly burdensome.  (Doc. No. 42-7).  However, Plaintiff does not appear to articulate any specific burden other than that the sought-after documents may be protected from disclosure by the attorney-client privilege or attorney work product doctrine.  (*See* Doc. No. 42).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).  Plaintiff has not established any undue burden, and the Court addresses the privilege and work-product doctrine herein.

[3]  While not raised in the Motions or oppositions, the Court notes that Drive filed its Motion outside of the time period for asserting objections to a subpoena and does not appear to have otherwise served written objections prior to filing its Motion.  Fed. R. Civ. P. 45(d)(2)(B); *see McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 426-27 (D.N.J. Apr. 27, 2004) (recognizing that failing to serve timely written objections to a subpoena may constitute a waiver of such objections); *see also Hanif v. Atl. Northeast Transport, Inc.*, Civ. No. 16-1776, 2022 WL 20447741, at *2 (D.N.J. Jan. 19, 2022) ("Generally, subpoenas must be complied with, unless the person to whom the subpoena is directed serves a written objection 'before the earlier of the time specified for compliance or [fourteen] days after the subpoena is served.'" (quoting Fed. R. Civ. P. 45(d)(2)(B))).

Moreover, the sought-after documents do bear on whether the settlement in the Underlying Action was reasonable and entered into in good faith. *See Excelsior Ins. Co. v. Pennsbury Pain Ctr.*, 975 F. Supp. 342, 355 (D.N.J. 1996) (citing *Griggs v. Bertram*, 88 N.J. 347, 366-67 (1982)). Given the liberal standards governing relevancy under Rule 26 of the Federal Rules of Civil Procedure, the Court finds the sought-after documents are relevant and not overbroad.

### B.   FEDERAL RULE OF CIVIL PROCEDURE 408

Plaintiff, Drive, and Cipriani also seek to quash the Subpoenas based on the contention that the requests seek (at least in part) confidential settlement information subject to Federal Rule of Evidence 408. Federal Rule of Evidence 408 restricts the use of settlement negotiations as evidence at trial, unless it is used for specific purposes as set forth in the Rule. Fed. R. Evid. 408; *see also Ford Motor Co. v. Edgewood Properties, Inc.*, 257 F.R.D. 418, 423 (D.N.J. 2009) (noting that the Third Circuit does not recognize settlement privilege). Importantly, Rule 26 of the Federal Rules of Civil Procedure permits discovery of materials and information regardless of their admissibility. Fed. R. Civ. P. 26(b)(1). Also, while Federal Rule of Evidence 408 generally precludes the admissibility of settlement discussions, the Rule "refers to settlements of the claims at issue in the subject litigation." *Lesal Interiors v. Resolution Trust Corp.*, 153 F.R.D. 552, 561 (D.N.J. 1994). Nevertheless, settlement negotiations may still be discoverable if the party seeking the information makes a "heightened, particularized showing of relevance."[4] *Lesal Interiors*, 153 F.R.D. at 562 (cited approvingly by *Lifescan, Inc. v. Smith*, Civ. No. 17-5552, 2023 WL 7088249, at *7 (D.N.J. Feb. 6, 2023)); *see also Berardino v. Prestige Mgmt. Servs.*, Civ. No. 14-3451, 2017

---

[4] The Court notes that this standard was articulated prior to the 2015 amendments to Federal Rule of Civil Procedure 26(b)(1), which now permits discovery of information regardless of its admissibility. Fed. R. Civ. P. 26(b)(1).

WL 9690965, at *5 (D.N.J. Dec. 8, 2017) (permitting discovery of settlement agreement for bias purposes); *Ford Motor*, 257 F.R.D. at 423 (denying, in pre-amendment decision, request for communications containing settlement negotiations because they were unlikely to lead to the discovery of admissible evidence, as the communications spoke only to resolution of underlying administrative proceeding). Even where the movant makes such a showing, however, the court must balance any asserted need for the documents against "the effects that may flow from their discovery." *Lesal*, 153 F.R.D. at 562.

Here, Conifer has sufficiently demonstrated the relevancy of the sought-after documents, whether construing simply based on Rule 26 or the "heightened" relevancy standard applied to discovery settlement negotiations. The need for the documents and communications related to the settlement in the Underlying Action far outweighs any "effects that may flow from their discovery" here. Further, the Court need not and does not, at this stage, make any determinations as to admissibility of such information or documents.

### C.   ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT DOCTRINE

Finally, Plaintiff, Cipriani, and Drive all seek to quash the subpoenas to the extent they seek documents protected from disclosure by the attorney-client privilege and work product doctrine. The attorney-client and work product privileges[5] are two independent principles intended to protect certain communications, documents, and information from disclosure in the discovery process. *See Hickman v. Taylor*, 329 U.S. 495, 508 (1947). The attorney-client privilege

---

[5] As the Court exercises diversity jurisdiction over this matter, (*see* Doc. No. 1), New Jersey state privilege law applies where it "supplies the rule of decision." Fed. R. Evid. 501; *see also in re Ford Motor Co.*, 110 F.3d 954, 965-66 (3d. Cir. 1997). Nonetheless, work product issues are governed by federal law, as codified in Federal Rule of Civil Procedure 26(b)(3). *See United Coal Companies v. Powell Constr. Co.*, 839 F.2d 958, 966 (3d. Cir. 1988).

applies to communications by a client, made in confidence, for the purpose of seeking legal advice from an attorney who is acting in his or her capacity as an attorney. *In re Grand Jury Investigation*, 599 F.2d 1224, 1233 (3d Cir. 1979); *see also Hedden v. Kean Univ.*, 434 N.J. Super. 1, 11 (App. Div. 2013).  Courts narrowly construe the attorney-client privilege. *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1423-24 (3d Cir. 1991); *see also Fisher v. United States*, 425 U.S. 391, 403 (1976) (recognizing that the privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege").

The work product doctrine "is 'distinct and broader than the attorney-client privilege.'" *Memory Bowl v. N. Pointe Ins. Co.*, 280 F.R.D. 181, 186 (D.N.J. 2012) (quoting *United States v. Nobles*, 422 U.S. 225, 238 (1975)).  The doctrine protects from disclosure those documents and "materials [that are] prepared or collected by an attorney 'in the course of preparation for possible litigation.'" *In re Grand Jury Investigation*, 599 F.2d at 1228 (quoting *Hickman*, 329 U.S. at 505); *see also* Fed. R. Civ. P. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, . . . insurer, or agent)."). Nonetheless, non-opinion work product is discoverable if it is within the permissible scope of discovery under Federal Rule of Civil Procedure 26(b)(1) and the party seeking the materials demonstrates substantial need for the materials and cannot obtain a substantial equivalent without undue hardship. *See* Fed. R. Civ. P. 26(b)(3)(A)(i)-(ii).  A "substantial need" may exist where the information would have a "significant impact on the outcome of the case." *Formosa Plastics Corp. U.S.A. v. Ace Am. Ins. Co.*, Civ. No. 20-14338, 2023 WL 8446228, at *7 (D.N.J. June 8, 2023) (citations omitted), *aff'd*, 2023 WL 6633852 (D.N.J. Oct. 12, 2023).  Documents created in the ordinary course of business are not protected under the work product doctrine. *United States*

*v. Rockwell Int'l*, 897 F.2d 1255, 1265-66 (3d Cir. 1990).   Whether the work product doctrine applies depends on the purpose for the documents' production.   *Formosa Plastics*, 2023 WL 8446228, at *15-16.

Importantly, here, a non-party must expressly make a claim of privilege or other protection and describe the nature of the withheld documents over which it seeks to assert the privilege or protection pursuant to Rule 45(e)(2). Fed. R. Civ. P. 45(e)(2)(A).   Indeed, such an express claim and description must "enable the parties to assess the claim." *Id.*   Failure to do so may result in a waiver of the privilege or protection because a party or non-party seeking to withhold purportedly protected communications bears the burden of showing that a privilege applies to each communication in question. *Margulis v. Hertz Corp.*, Civ. No. 14-1209, 2017 WL 772336, at *4 (D.N.J. Feb. 28, 2017); *Horon Holding Corp v. McKenzie*, 341 N.J. Super. 117, 124-25 (App. Div. 2001).

Here, no privilege log or other description of the documents at issue has been presented to the Court in connection with the Motions.   On this record, the Court simply cannot evaluate the full bases of the asserted privilege and protections without any understanding, on a categorical or document-by-document basis, as to what is truly at issue here.   For example, without knowing the simple information of who created the documents, with whom it was shared, or the reason for the document or communication, the Court cannot determine if a privilege or protection applies or whether the joint-interest or common interest doctrines, even if applicable, are triggered.[6]  *See Memory Bowl*, 280 F.R.D. at 187.

---

[6]  Notably, Plaintiff relies significantly in her assertion of the attorney-client privilege and work product protection on *Formosa Plastics Corp., U.S.A. v. Ace Am. Insur. Co.*, No. 20-14338, 2023 WL 8446228 (D.N.J. June 8, 2023), *aff'd*, 2023 WL 6633852 (D.N.J. Oct. 12, 2023).   While that case discussed the "at-issue" waiver raised in the briefing on the Motions, in stark contrast here,

To the extent Plaintiff, Cipriani, and/or Drive seek to invoke an applicable privilege in response to the subpoenas, they must do so in accordance with Rule 45(e)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 45(e)(2); *see also Gould v. O'Neal*, Civ. No. 17-100, 2019 WL 4686991, at \*6 (D.N.J. Sept. 26, 2019) (finding non-party "failed to explain to the Court the nature of the asserted 'privacy and privilege issues' or why such concerns cannot be adequately addressed through redaction and[/]or[] the entry of a discovery confidentiality order"). They have not done so, and thus the Court cannot assess their respective arguments as to privilege or other protections.

## IV.    CONCLUSION

For the reasons set forth above, and for good cause shown,

**IT IS** on this **29th** day of **February 2024** hereby

**ORDERED** that Petitioner Cipriani & Werner, P.C.'s Motion to Quash the subpoena of Defendant Conifer Insurance Company, (Doc. No. 38), is hereby **DENIED**; and it is further

**ORDERED** that Plaintiff Gloria Hinsinger's Motion to Quash Defendant Conifer's Subpoenas directed at non-parties Cipriani & Werner, P.C. and Drive New Jersey Insurance Company, (Doc. No. 42), is hereby **DENIED**; and it is further

---

the party asserting the privilege in *Formosa* had produced a privilege log and produced a representative sampling of documents for *in camera* review. *Formosa*, 2023 WL 8446228, at \*3-4, \*7, and n.3. Indeed, the court in *Formosa* based its analysis on "the sampled documents[.]" *Id.* at \*7.

**ORDERED** that Petitioner Drive New Jersey Insurance Company's Motion to Quash the subpoena of Defendant Conifer Insurance Company (Doc. No. 44), is hereby **DENIED**; and it is further

**ORDERED** that the Clerk of Court is hereby directed to **TERMINATE** the Motions pending at Docket Entry Nos. 38, 42, and 44.

**SO ORDERED**.

/s/ Rukhsanah L. Singh

**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**